UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7328-CAS(MRWx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | NORTHWEST ADMINISTRATORS, INC. V. CROWN DISPOSAL COMPANY, INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) – PLAINTIFF'S BRIEF IN SUPPORT OF CALCULATION OF FEES, COSTS AND INTEREST (Dkt. 52, filed October 9, 2017)

## I. INTRODUCTION & BACKGROUND

On May 31, 2016, plaintiff Northwest Administrators, Inc., the administrator and assignee of the Western Conference of Teamsters Pension Trust Fund, filed this action in the Western District of Washington against defendants THF Holding Co. and CR Maintenance Services, Inc. to recover unpaid employer withdrawal liability, attorney fees, costs, and interest pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). Dkt. 1. The case was transferred to this Court on September 12, 2016. Dkt. 19. On September 11, 2017, the Court granted plaintiff's motion for summary judgment, awarded withdrawal liability in the amount of $1,021,074.79 and liquidated damages in the amount of $204,214.96, and directed plaintiff to submit a calculation of attorney fees, costs, and interest. Dkt. 51.

On October 9, 2017, plaintiff filed a brief in support of its calculation of fees, costs, and interest. Dkt. 52 ("Brief"). On October 16, 2017, defendants filed a reply brief, dkt. 53 ("Reply"); and plaintiffs filed a response on October 23, 2017, dkt. 54 ("Resp."). Having carefully considered the parties' submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under ERISA, the award of attorneys' fees and costs to a pension plan is mandatory in all actions to collect delinquent contributions including unpaid employer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



CIVIL MINUTES - GENERAL

| Case No. | CV16-7328-CAS(MRWx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | NORTHWEST ADMINISTRATORS, INC. V. CROWN DISPOSAL COMPANY, INC. ET AL | | |

withdrawal liability. 29 U.S.C. § 1132(g)(2); <u>Lads Trucking Co. v. Board of Trustees</u>, 777 F.2d 1371, 1373-1374 (9th Cir. 1985). Attorneys' fees awards in ERISA actions are calculated using a hybrid lodestar / multiplier approach. <u>McElwaine v. US W., Inc.</u>, 176 F.3d 1167, 1173 (9th Cir. 1999). This approach has two parts: (1) the court determines the lodestar amount by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate; and (2) the court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation. <u>Van Gerwen v. Guarantee Mutual Life Co.</u>, 214 F.3d 1041, 1045 (9th Cir. 2000).

The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). In determining the lodestar, the court may exclude from the fee request any hours that are "excessive, redundant, or otherwise unnecessary." <u>Id.</u> at 434. The court must also determine a reasonable hourly rate, "considering the experience, skill, and reputation of the attorney requesting fees." <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986). The court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation. <u>Id.</u> at 1210-11. There is a strong presumption that the lodestar figure represents a reasonable fee, and a multiplier may be used only in rare or exceptional cases where the lodestar is unreasonably low or unreasonably high. <u>Van Gerwen</u>, 214 F.3d at 1045.

## III. DISCUSSION

Plaintiff seeks $66,729.46 in attorneys' fees, $1,937.79 in costs, and $49,030.97 in interest. Brief at 2. The interest award on defendant's unpaid withdrawal liability was calculated in accordance with Pension Benefit Guaranty Corporation regulations, 29 C.F.R. § 4219.32. Declaration of Donald Ditter ¶ 6. Defendants do not object to the interest calculation or the reasonableness of the hourly rates charged by plaintiffs' counsel. However, defendants object to the hours plaintiffs' counsel billed opposing the motion to transfer venue and to the fees and costs related to plaintiffs' counsel's travel from Seattle to Los Angeles. Reply at 2.

### A. Attorneys' Fees and Costs

The requested fee award is allocated as follows: $58,328.20 for 137.42 hours of work by David W. Ballew ("Ballew"), $3,355.26 for 5.77 hours of work by Russell J. Reid ("Reid"), and $5045 for 17.4 hours of work by Thomas A. Leahy ("Leahy").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV16-7328-CAS(MRWx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | NORTHWEST ADMINISTRATORS, INC. V. CROWN DISPOSAL COMPANY, INC. ET AL | | |



Declaration of David W. Ballew ("Ballew Decl.") ¶ 12, Ex. A at 4.  Plaintiff indicates that the hourly rates of its attorneys are set by the Trustees of the Western Conference of Teamsters Pension Fund.  Id. ¶ 3.  Plaintiff's lead counsel, Ballew, has represented Trust Funds in ERISA matters, including withdrawal liability, delinquencies and fiduciary breach, for more than 15 years.  Id. ¶ 2.  His hourly rate was $410 per hour between April 2016 and June 2017 and $440 per hour as of July 2017.  Id. ¶ 4.  Plaintiff was also represented by Reid, an attorney with more than 40 years of experience in ERISA matters, whose hourly rate between April 2016 and June 2017 was $575 per hour and $605 per hour as of July 2017.  Id. ¶¶ 5–6. Additional research was performed by Leahy, an attorney with more than 10 years' of experience in ERISA matters, whose hourly rate as of July 2017 was $290 per hour.  Id. ¶ 8.

### 1. Hourly Rate

Plaintiff attaches the declaration of ERISA specialist Richard J. Birmingham ("Birmingham"), which was previously submitted in support of an application for attorneys' fees approved by a district court in the Western District of Washington.  Brief at 5–6, Ballew Decl., Ex. D; Nw. Administrators, Inc. v. N. Distribution, LLC, No. 2:10-cv-00507-JCC, (W.D. Wash. Feb. 15, 2011).  Birmingham attests that the market rate in 2011 for an attorney who has been in practice for over 20 years and has litigated cases on behalf of a large multi-employer trust fund for over 10 years was at least $320 per hour and the market rate for an attorney who has represented such funds for over 25 years is $490 per hour or above.  Id., Ex. C.  Plaintiff also cites to several orders from district courts in the Northern District of California awarding attorneys' fees at comparable or greater rates than those sought here.  Brief at 5; see, e.g., Echague v. Metro. Life Ins. Co., 69 F. Supp. 3d 990, 997 (N.D. Cal. 2014) (approving $650 hourly rate for attorney with 18 years of ERISA litigation experience).

Based on the foregoing, the Court concludes that the rates of $410 and $440 per hour for Ballew, $575 and $605 per hour for Reid, and $290 per hour for Leahy are reasonable.  Although the Court recognizes that the "relevant community" when determining appropriate attorneys' rates is generally the one in which the district court sits, "it is appropriate to consider the declarations of attorneys in other jurisdictions because ERISA cases involve a national standard and attorneys practicing ERISA law in the Ninth Circuit tend to practice in different districts."  Mogck v. Unum Life Ins. Co. of Am., 289 F. Supp. 2d 1181, 1191 (S.D. Cal. 2003).  Defendants also do not object to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7328-CAS(MRWx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | NORTHWEST ADMINISTRATORS, INC. V. CROWN DISPOSAL COMPANY, INC. ET AL | | |

hourly rates requested by plaintiff's attorneys. Reply at 2. Accordingly, the Court finds that plaintiff is entitled these hourly rates.

### B.     Hours Expended by Counsel and Costs

After reviewing plaintiff's attorneys' billing records, see Ballew Decl., Ex. B, the Court has not identified any billed hours that were "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. However, defendants dispute $6,026.25 in fees for hours plaintiff's attorneys expended unsuccessfully opposing defendants' motion to transfer venue from the Western District of Washington to the Central District of California, $5,940 in fees for hours Bellew expended travelling from Seattle to Los Angeles to attend the hearing on plaintiff's motion for summary judgment, and $1,340.70 in related travel costs. Reply at 2–4. Defendants argue that these fees and costs "are not properly chargeable to defendants." Id. at 3.

As noted above, fee awards under 29 U.S.C. § 1132(g)(2) are mandatory. This is not a discretionary fee shifting provision that requires courts to consider the relative merits of the parties' positions. Cf. 29 U.S.C. § 1132(g)(1); Hummell v. S. E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). Moreover, the Ninth Circuit has indicated that a plaintiff may obtain fees for time spent litigating even an unsuccessful motion to transfer venue so long as the "work was reasonably calculated to advance plaintiff's interest." Gluck v. American Protection Industries, 619 F.2d 30, 33 (9th Cir. 1980). Plaintiff indicates that it opposed the motion in an effort to reduce litigation costs because, in light of defendants' failure to initiate arbitration, the case was already positioned for resolution through a motion for summary judgment. Resp. at 3. Accordingly, the Court finds that opposing the motion was reasonably calculated to advance plaintiff's interest.

Defendants' objection to the fees and costs incurred by Bellew in travelling to Los Angeles to attend the hearing on plaintiff's motion for summary judgment is similarly unavailing. Fees and costs incurred litigating a successful dispositive motion are clearly not "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. Accordingly, the Court finds that the hours expended by plaintiff's counsel litigating this case were appropriate. Plaintiff is entitled to the requested fees, costs, and interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7328-CAS(MRWx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | NORTHWEST ADMINISTRATORS, INC. V. CROWN DISPOSAL COMPANY, INC. ET AL | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **AWARDS** plaintiff $66,729.46 in attorneys' fees, $1,937.79 in costs, and $49,030.97 in interest. Plaintiff is directed to submit a proposed judgment.

**IT IS SO ORDERED**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |